| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | CLYDE CASTLEBERRY CO., COVINGTON, GA. 30209 60957 |
|---|---|---|---|
| | | Superior Court ☐ | Magistrate Court ☐ |
| Civil Action No. 15A3292-1 | | State Court ☒ | Probate Court ☐ |
| | | Juvenile Court ☐ | |
| Date Filed December 16, 2015 | | Georgia, Cobb | COUNTY |

SARAH ESPINOZA

Attorney's Address
Austin L. Perry
McClure, Ramsay, Dickerson & Escoe
P. O. Drawer 1408
Toccoa, GA 30577

Plaintiff

VS.

NEW BERN TRANSPORT CORPORATION

Name and Address of Party to be Served.

New Bern Transport Corporation
c/o Corporation Process Company
2180 Satellite Blvd., Suite 400
Duluth, GA 30097

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows: age, about_____ years; weight_____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County. Complaint, Request for Admissions, First Interrogatories to Defendant, First Request for Production of Documents to Defendant, Rule 5.2 Certificate

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This_____ day of_____, 19_____.

DEPUTY

EXHIBIT A

SHERIFF DOCKET_____ PAGE_____
WHITE-CLERK   CANARY-PLAINTIFF   PINK—DEFENDANT

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SARAH ESPINOZA, | * | |
| Plaintiff, | * | CIVIL ACTION |
| vs. | * | FILE NO. 15 A 3292-1 $195 COST PAID |
| NEW BERN TRANSPORT CORPORATION, | * | |
| Defendant. | * | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: *NEW BERN TRANSPORT CORPORATION*

You are hereby summoned and required to file with the Clerk of said court and serve upon Plaintiff's attorney, whose name and address is:

Austin L. Perry
McClure, Ramsay, Dickerson & Escoe
P. O. Drawer 1408
Toccoa, GA 30577

an answer to the Complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition.

This _____ day of __DEC 2 1 2015__, 20_15_.

Clerk, State Court of Cobb County

By: _Angie J. Davis_
~~Deputy~~ Clerk

STATE COURT OF COBB COUNTY
12 EAST PARK SQUARE
MARIETTA, GA 30090-9630

## IN THE STATE COURT OF COBB COUNTY

### STATE OF GEORGIA

15 DEC 16 PM 2: 33

STATE COURT CLERK-13

| | | |
|---|---|---|
| SARAH ESPINOZA, | * | |
| Plaintiff, | * | CIVIL ACTION |
| vs. | * | FILE NO. 15 A 3292-1 |
| NEW BERN TRANSPORT CORPORATION, | * | |
| | * | |
| Defendant. | * | |

### COMPLAINT FOR DAMAGES

**Comes now SARAH ESPINOZA** (hereinafter "Plaintiff") and files this Complaint against **NEW BERN TRANSPORT CORPORATION**, (hereinafter "Defendant") and shows this Court as follows:

#### JURISDICTIONAL STATEMENT

1.

Plaintiff is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant NEW BERN TRANSPORT CORPORATION, is a foreign Corporation organized and existing under the laws of the State of Delaware with its principal place of business being located at One Pepsi Way, Somers, New York 10589, and is authorized to transact business in Georgia. New Bern Transport Corporation may be served with legal process by serving its Registered Agent for service of process, Corporation Process Company, at 2180 Satellite Boulevard, Suite 400, Duluth, Gwinnett County, Georgia.

3.

Venue is proper as to Defendant.

4.

Subject matter jurisdiction is proper in this Court as to Defendant.

5.

Defendant was at the time of the incident, giving rise to this action, a motor carrier as contemplated by O.C.G.A. Title 46, Chapter 7.

6.

Venue is proper in Cobb County pursuant to O.C.G.A. § 40-1-117, because this is an action arising from a motor vehicle collision with a motor carrier, and the cause of action arose in Cobb County.

## AGENCY

7.

At all times pertinent and relevant to the incidents described in this Complaint, the driver of Defendant New Bern's truck was acting as an agent or employee of Defendant New Bern and was acting within the scope of such agency or employment relationship with Defendant New Bern, the principal.

8.

The acts and omissions of Defendant New Bern's agents and employees are imputed to Defendant New Bern as a matter of law.

## FACTUAL STATEMENT

9.

On January 14, 2014 Defendant New Bern's employee was driving a commercial road

tractor owned by Defendant New Bern.

10.

New Bern is a wholly owned subsidiary of Pepsi Beverages Company ("Pepsi").

11.

New Bern is responsible for performing delivery services for Pepsi in the state of Georgia.

12.

At the time of the collision between Plaintiff and Defendant, the operator of New Bern's commercial road tractor was in the course and scope of his employment with New Bern.

13.

The course and scope of his employment was delivering Pepsi products to vendors.

14.

Plaintiff and Defendant's driver were traveling in the same direction on the same road in Cobb County on January 14, 2014.

15.

Plaintiff was stopped in traffic trying to merge into a right turn lane.

16.

As Plaintiff sat in traffic, Defendant's driver approached her vehicle from the rear.

17.

Defendant's driver failed to maintain control of Defendant's commercial road tractor.

18.

As a result of Defendant's driver's failures, he was unable to bring Defendant's commercial road tractor to a controlled stop.

19.

As Defendant's driver attempted to stop for the traffic, the commercial road tractor and trailer began to jackknife.

20.

As Defendant's vehicle was uncontrollably sliding down the roadway in a partial jackknife position, Defendant's vehicle struck Plaintiff's vehicle.

21.

Defendant's driver failed to maintain a proper lookout.

22.

Defendant's driver failed to comply with the duties set forth in O.C.G.A. §40-6-49.

23.

Defendant's driver failed to exercise due regard for the welfare and safety of other motorists.

24.

As a direct and proximate result of the negligence of Defendants, Plaintiff was injured.

25.

Plaintiff has incurred medical expenses in an amount not less than $26,000.00 as a direct and proximate result of the subject incident.

26.

Plaintiff continues to incur additional medical expenses as a direct and proximate result of the subject incident.

27.

The subject incident was directly and proximately caused by the negligence of Defendant

New Bern's driver.

28.

The subject incident was directly and proximately caused by the pro se negligence of Defendant New Bern's driver.

29.

Plaintiff was physically injured and has experienced physical and emotional pain and suffering as a direct and proximate result of the subject incident.

30.

Plaintiff will in the future continue to have physical injuries and will experience physical and emotional pain and suffering as a direct and proximate result of the subject incident.

31.

Plaintiff will continue to need medical treatment in the future as a direct and proximate result of the subject incident.

32.

Plaintiff has experienced and will continue to experience in the future great pain and suffering as a direct and proximate result of the subject incident.

33.

Plaintiff is entitled to an award of general damages from Defendants.

34.

Plaintiff is entitled to an award of special damages from Defendants.

35.

Plaintiff's injuries and damages resulting from the subject incident were directly and proximately caused by the negligence of Defendants.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

WHEREFORE, Plaintiff prays:

a) That Summons issue requiring the above-named Defendant to answer each allegation of this Complaint within the time provided by law;

b) That Plaintiff have judgment against the above-named Defendants in such amount to compensate Plaintiff for Plaintiff's past, present and future injuries and damages resulting from subject incident and Plaintiff's special damages; and,

c) For such other relief as this Court deems just and proper.

Respectfully submitted,

_____
AUSTIN L. PERRY
State Bar No. 577007

McClure, Ramsay, Dickerson & Escoe, LLP
P. O. Drawer 1408
Toccoa, Georgia 30577
(706) 886-3178

J. DAVID HASKIN
Ga. State Bar No. 325689
Attorneys for Plaintiff

Haskin Law, LLC
223 Crescent Circle
Marietta, Georgia 30062
(678) 685-8948